IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ZENOBIA MONDAINE, ) | |
|            **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2351-KHV |
| AMERICAN DRUG STORES, INC. ) | |
| d/b/a OSCO'S DRUG STORE #5161, and ) | |
| DAMON SHILHANEK, ) | |
|            **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Zenobia Mondaine's Response To The Court's Order To Show Cause (Doc. #100) and Defendants American Drug Stores, Inc. And Damon Shilhanek's Motion For Reconsideration Of The Court's January 11th, 2006 Order (Doc. #97), both filed January 13, 2006.

**I.    Plaintiff's Response To The Court's Order To Show Cause**

The Court ordered plaintiff to show cause why it should not grant summary judgment in favor of Osco on plaintiff's FMLA interference claim because (1) in the spring of 2003, plaintiff was not an eligible employee under the FMLA; and (2) even if she was eligible, plaintiff has not shown that Shilhanek's denial of her oral request for FMLA leave prejudiced her ability to receive FMLA leave. In response, plaintiff states that she did not intend to assert an independent FMLA interference claim based on Shilhanek's denial of her oral request for leave in the spring of 2003. Accordingly, the Court sustains defendant's motion for summary judgment on plaintiff's FMLA interference claim.[1]

---

[1] Plaintiff argues that the Court should not have granted summary judgment on her FMLA claim that defendant failed to timely notify her that her absences from November 27, 2003 through February 26, 2004 counted toward FMLA leave. See Plaintiff Zenobia Mondaine's Response To The
(continued...)

## II.     Defendants' Motion To Reconsider

### A.     Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981);

---

[1](...continued)

Court's Order To Show Cause (Doc. #100) at 2. Plaintiff has not filed a motion to reconsider the Court's ruling, and the Court therefore overrules her argument for that reason. In any event, plaintiff's argument lacks substantive merit. Plaintiff insists that the fact that she continued to rehabilitate after February 26, 2004 "does not mean that she absolutely could not have worked her 28-32 hour day job as of 2/27/04 – especially if she had known of her FMLA rights." Id. Again, as in plaintiff's response to defendants' motion for summary judgment, plaintiff has not presented a verified statement that she was able and willing to work 28 to 32 hours a week starting February 27, 2004. Plaintiff's evidence consists only of the fact that her doctor thought that she could work 32 hours a week. Plaintiff testified, however, that even though she received a return-to-work certificate from Dr. Gamble for 32 hours a week effective February 27, she did not actually return to work until March 17 because of medical reasons. See Plaintiff's Depo. at 162-63. Moreover, plaintiff does not address the Court's alternative reason for sustaining defendants' motion for summary judgment on this issue. In particular, the Court stated as follows:

> Second, FMLA regulations provide that an employer may retroactively designate an employee's absence as FMLA leave within two days after the employee returns to work. See 29 C.F.R. § 825.208(e)(1); Plaintiff's Memorandum (Doc. #68) at 85, 89. Plaintiff did not return to work until March 17, 2004. Even if defendant had advised plaintiff on March 19 (two days after her return to work) that her leave through February 26 had been designated as FMLA leave, plaintiff would be left in the same position, i.e. no FMLA right to an equivalent position with equivalent pay because she did not return on February 27, 2004. Likewise, if defendant had advised plaintiff on February 29 (two days after she was eligible to return to work at her previous number of hours) that her leave through February 26 had been designated as FMLA leave, plaintiff would be left without a FMLA right to an equivalent position with equivalent pay because she did not return on February 27.

Memorandum And Order And Order To Show Cause (Doc. #96) at 52.

Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

B.  Analysis

Defendants argue that the Court should reconsider its order of January 11, 2006 because (1) Kansas law does not recognize a worker's compensation retaliatory suspension claim and (2) plaintiff's complaint of racism to co-workers is not protected activity. The arguments raised in defendants' motion to reconsider could have been raised in their original motion. The Court therefore overrules defendants' motion to reconsider.

Defendants' motion also lacks substantive merit. First, under Kansas law, an employer cannot dismiss or demote an employee in retaliation for the filing of a worker's compensation claim. See Brigham v. Dillon Cos., Inc., 262 Kan. 12, 14, 19-20, 935 P.2d 1054, 1056, 1059-60 (1997). For the same public policy reasons, the Kansas Supreme Court would likely extend such claims to suspensions:

> The employers' violation of public policy and the resulting coercive effect on the employee is the same in both situations. The loss or damage to the demoted employee differs in degree only. We do not share the employers' concern that a torrent of litigation of insubstantial employment matters would follow in the wake of our recognition of a cause of action for retaliatory demotion and, even if we did, it does not constitute a valid reason for denying recognition of an otherwise justified cause of action.

> We conclude that the recognition of a cause of action for retaliatory demotion is a necessary and logical extension of the cause of action for retaliatory discharge. To conclude otherwise would be to repudiate this court's recognition of a cause of action for retaliatory discharge. The obvious message would be for employers to demote rather than discharge employees in retaliation for filing a workers compensation claim or whistleblowing. Thus, employers could negate this court's decisions recognizing wrongful or retaliatory discharge by taking actions falling short of actual discharge.

Id. at 19-20, 935 P.2d at 1059-60.

Next, although the Tenth Circuit has not addressed the issue, some courts have held that an employee's complaint of discrimination is protected activity where the complaint is communicated to management. See Hazen v. Modern Food Servs., Inc., 113 Fed. Appx. 442, 443-444 (3d Cir. 2004); Neiderlander v. Am. Video Glass Co., 80 Fed. Appx. 256, 261 (3d Cir. 2003); Straub v. First Media Radio, No. 2003-237J, 2005 WL 3158042, at *13-14 (W.D. Pa. Nov. 28, 2005). Defendant argues that the Tenth Circuit has limited protected activity to "voicing informal complaints to superiors." Hertz v. Luzenac Am., Inc., 370 F.3d 1014, 1015 (10th Cir. 2004). Even so, the Tenth Circuit has not addressed the issue of voicing informal complaints to co-workers who communicate such complaints to superiors. In either case, the employer knows the same information, i.e. that the employee has complained of discrimination. To protect the employee who is willing to directly complain to superiors but not the one who complains to a co-worker who reports the complaint to superiors does not seem to advance the purposes of the anti-retaliation laws. In this case, Osco considered the complaint which plaintiff's co-workers reported to be serious enough that the assistant store manager reported it to the store manager, who forwarded it to the HR director. Osco could reasonably anticipate that plaintiff herself would complain to a supervisor about race discrimination in the near future. To immunize an employer from a retaliation complaint because one of its supervisors has not heard directly from the employee encourages the employer

not to ask the employee about complaints of co-workers, as Osco did here, or to immediately retaliate against the employee before he or she can voice protected opposition directly to superiors. In either case, the employer has thwarted the purposes of the anti-retaliation laws. Based on the reasoning of Hazen, Neiderlander and Straub, the Court finds that an employee's complaint of racism to co-workers is protected activity where the complaint is communicated to management.

**IT IS THEREFORE ORDERED** that American Drug Stores, Inc. d/b/a Osco's Drug Store #5161 is entitled to summary judgment on plaintiff's FMLA interference claim.

**IT IS FURTHER ORDERED** that Defendants American Drug Stores, Inc. And Damon Shilhanek's Motion For Reconsideration Of The Court's January 11th, 2006 Order (Doc. #97) filed January 13, 2006 be and hereby is **OVERRULED**.

Dated this 26th day of January, 2006, at Kansas City, Kansas.

                                   s/ Kathryn H. Vratil
                                   KATHRYN H. VRATIL
                                   United States District Judge